```
1  William A. Norris (SBN 25989)
   (wnorris@akingump.com)
2  Stephen A. Mansfield (SBN 129666)
   (smansfield@akingump.com)
3  Chad A. Stegeman (SBN 225745)
   (cstegeman@akingump.com)
4  AKIN GUMP STRAUSS HAUER & FELD LLP
   2029 Century Park East, Suite 2400
5  Los Angeles, CA 90067-3010
   Tel: 310.229.1000
6  Fax: 310.229.1001
7
   Attorneys for
8  Denoro Investments Limited
```

2010 OCT 28 PM 1:44

lodged proposed order
FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 OF DENORO INVESTMENTS LIMITED,<br><br>Applicant. | Miscellaneous Case No. 2:10 MC 00387-UA<br><br>***EX PARTE* APPLICATION OF DENORO INVESTMENTS LIMITED FOR A SUBPOENA PURSUANT TO 28 U.S.C. § 1782; MEMORANDUM OF POINTS AND AUTHORITIES** |

Pursuant to 28 U.S.C. § 1782 and Local Rule 7-19 of this District, Denoro Investments Limited ("Denoro") hereby applies *ex parte* for the issuance of a subpoena directed to Mr. Ashot Egiazaryan ("Egiazaryan"). *See* Proposed Order, Ex. A (the "Subpoena").

The Court is empowered to issue the Subpoena because (1) Egiazaryan can be found in this District; (2) the Subpoena seeks deposition testimony that Denoro will use in an injunctive proceeding instituted on September 15, 2010, by Egiazaryan against Denoro and other defendants (the "Cyprus Injunctive Proceeding" or the "Proceeding") in the District Court of Nicosia, Cyprus (the "Cyprus Court"); and (3) Denoro is an "interested person" in the Cyprus Injunctive Proceeding by virtue of its status as a litigant in the Proceeding. The Cyprus Court has set a November 17, 2010 deadline for the filing of oppositions to the Cyprus Order by the Cyprus Defendants.

Moreover, the Court should exercise its discretion to issue the Subpoena because (1) Denoro cannot obtain the information sought by that Subpoena in the Cyprus Injunctive Proceeding despite Egiazaryan's status as a party to that Proceeding; (2) the Cyprus Court will be receptive to any evidence obtained by Denoro through the Subpoena; (3) the Subpoena is not intended to circumvent any substantive Cypriot limitation on discovery, as the information gained through the Subpoena will be admissible in the Proceeding; and (4) the Subpoena is not overly intrusive or burdensome, but rather seeks only deposition testimony that is narrowly tailored to gather the precise evidence needed by Denoro in the Cyprus Proceeding.

Finally, the interests of justice require that this Application be made *ex parte*, without giving notice to Egiazaryan pursuant to Local Rule 7-19.2. Specifically, giving Egiazaryan notice of Denoro's intent to seek discovery from him would risk rendering the Subpoena useless because Egiazaryan would likely flee the jurisdiction in response, so that he could not be served with the Subpoena. On the other hand, issuing the Subpoena without such notice would *not* prejudice

1  Egiazaryan because, once the Subpoena is issued, Egiazaryan will still have the
2  ability to retain U.S. counsel and make whatever objection or response to the
3  Subpoena he wishes to make.
4      This application is based upon the this *Ex Parte* Application, the
5  Memorandum of Points and Authorities, the Declaration of Chad A. Stegeman, the
6  Declaration of George Triantafyllides, the Declaration of Lawrence Wiist, all
7  matters of which the Court may take judicial notice, and such further written and
8  oral argument as may be presented to the Court.

9  Dated: October 27, 2010

Respectfully submitted,
AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
William A. Norris
Stephen A. Mansfield
Chad A. Stegeman
Attorneys for Denoro Investments Limited

# TABLE OF CONTENTS

Page No.

I. FACTUAL BACKGROUND .................................................................. 2
   A. The Cyprus Injunctive Proceeding ............................................... 2
   B. Egiazaryan ..................................................................................... 3

II. ARGUMENT .......................................................................................... 4
   A. Denoro's Application Satisfies The Statutory Requirements Of Section 1782 ............................................................ 4
      1. Egiazaryan is found in the Central District of California ............................................................................. 4
      2. Denoro's requested discovery is for use in a proceeding in a foreign tribunal ............................................. 5
      3. Denoro is an "interested person" under section 1782 .................. 5
   B. The Relevant Factors Weigh Heavily In Favor Of Granting Denoro's Application And Issues The Subpoena .................. 6
      1. The first *Intel* factor weighs in favor of granting discovery because, although Egiazaryan is a party in the Cyprus Injunctive Proceeding, Cyprus has no procedural mechanism to require him to provide the discovery requested in this Application ...................................... 6
      2. The second *Intel* factor weighs in favor of granting discovery because the Cyprus Court has given no indication that it would be hostile to the evidentiary assistance provided by such discovery, and in fact is able to hear such evidence ....................................................... 7
      3. The third *Intel* factor weighs in favor of granting discovery because Denoro's Application does not circumvent any substantive Cypriot prohibitions against the admissibility of evidence ............................................ 7
      4. The fourth *Intel* factor weighs in favor of granting discovery because Denoro's Application is not unduly intrusive or burdensome ..................................................... 8
   C. Denoro's Filing Of This Application *Ex Parte* And Without Prior Notice to Egiazaryan Or His Cypriot Counsel Is Warranted By The Interests Of Justice .............................. 9

III. CONCLUSION ..................................................................................... 11

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Cryolife, Inc. v. Tenaxis Medical, Inc.,*
  08-CV-05124, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) .......................... 7, 8

*In re Application of Procter & Gamble Co.,*
  334 F. Supp. 2d 1112 (E.D. Wis. 2004)) ................................................................ 8

*In re Edelman,*
  295 F.3d 171 (2d Cir. 2002) ........................................................................ 4, 5

*In re Letter of Request from Supreme Court,*
  138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)) ............................................................ 9

*In re Letters Rogatory from Tokyo Dist.,*
  539 F.2d 1216 (9th Cir. 1976)) ........................................................................ 9

*In re Republic of Ecuador,*
  C-10-80225, 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ..................... 4, 9

*In re Servicio Pan Americano de Proteccion,*
  354 F. Supp. 2d 269 (S.D.N.Y. 2004) ............................................................ 6, 8

*Intel Corp. v. Advanced Micro Devices, Inc.,*
  542 U.S. 241 (2004) ........................................................................... 5, 6, 7, 8

*U.S. v. Winsor,*
  785 F.2d 755 (9th Cir. 1986) ........................................................................ 10

*United States v. Cardenas,*
  784 F.2d 937 (9th Cir. 1986) ........................................................................ 10

**Statutes**

28 U.S.C. § 1782 ................................................................................................. *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

Applicant Denoro Investments Limited ("Denoro") respectfully submits this application for an order of judicial assistance pursuant to 28 U.S.C. § 1782, in the form of the issuance of a subpoena (the "Subpoena") directed to Ashot Egiazaryan ("Egiazaryan") to obtain testimony for use in an injunctive proceeding in the District Court of Nicosia, Cyprus (the "Cyprus Court") initiated by Egiazaryan and co-plaintiffs against Denoro and other defendants (the "Cyprus Injunctive Proceeding"). *See* Proposed Order Ex. A (the Subpoena).

Section 1782 authorizes issuance of the Subpoena because, as set forth below, (1) Egiazaryan can be found in this District; (2) the Subpoena seeks deposition testimony that Denoro will use in the Cyprus Injunctive Proceeding; and (3) Denoro is an "interested person" in the Cyprus Injunctive Proceeding by virtue of its status as a litigant in the Proceeding.

Moreover, the Court should exercise its discretion to issue the Subpoena because (1) Denoro cannot obtain the information sought by the Subpoena in the Cyprus Injunctive Proceeding despite Egiazaryan's status as a party to that Proceeding; (2) the Cyprus Court will be receptive to any evidence obtained by Denoro through the Subpoena; (3) the Subpoena is not intended to circumvent any substantive Cypriot limitation on discovery, as the information gained through the Subpoena will be admissible in the Proceeding; and (4) the Subpoena is not overly intrusive or burdensome, but rather is only seeking testimony narrowly tailored to gather the precise evidence needed by Denoro in the Proceeding.

Finally, the interests of justice require that this Application be made *ex parte*, without giving notice to Egiazaryan pursuant to Local Rule 7-19.2. Specifically, giving Egiazaryan notice of Denoro's intent to seek discovery from him would risk rendering the Subpoena useless because Egiazaryan would likely flee the jurisdiction in response, so that he could not be served with the Subpoena. On the other hand, issuing the Subpoena without such notice would *not* prejudice

Egiazaryan because, once the Subpoena is issued and served, Egiazaryan will still have the ability to retain U.S. counsel and make whatever objection or response to the Subpoena he wishes to make.

## I. FACTUAL BACKGROUND

### A. The Cyprus Injunctive Proceeding

On or about September 15, 2010, Egiazaryan, together with six other plaintiffs (the "Cyprus Plaintiffs"), filed a civil action against Denoro and sixteen other defendants (the "Cyprus Defendants") in the Cyprus Court. Declaration of George Triantafyllides in Support of Application ("Triantafyllides Decl.") ¶¶ 8, 11. On the same day, the Cyprus Plaintiffs, without any notice to Cyprus Defendants, filed an *ex parte* application in the civil action in Cyprus initiating the Cyprus Injunctive Proceeding, seeking to freeze billions of dollars of assets owned by Denoro and the other Cyprus Defendants. *Id.* at ¶¶ 8, 11.[1]

The Cyprus civil action is essentially a commercial dispute over a real estate development project of a hotel in Moscow, Russia. Although Ashot Egiazaryan is the main plaintiff, the evidentiary support for the requested asset freeze consisted of a "composite affidavit" filed by Egiazaryan's brother and co-plaintiff Artem containing allegations that the Cyprus Plaintiffs represented to be within the collective knowledge of all plaintiffs, including Egiazaryan. *Id.* at ¶¶ 12-14. His application, however, requested the Cyprus Court to freeze up to $2 billion in assets. *Id.* at ¶¶ 9, 11.

On September 17, 2010, based on the "composite" affidavit and without prior notice to Denoro or the other Cyprus Defendants, the Cyprus Court issued a preliminary order freezing billions of dollars of assets (the "Cyprus Order"). *Id.* at ¶ 14 & Ex. A (translation of the Cyprus Order).

---

[1] Egiazaryan and the other Cypriot plaintiffs are repressented in the civil action in Cyprus by Haviaras & Filippou, LLC, a Cypriot law firm. *Id.* at ¶ 10.

On September 27, 2010, the Cyprus Court set a deadline of November 17, 2010, for the filing of formal oppositions by the Cyprus Defendants to the Cyprus Order. *Id.* ¶ 15. Under Cyprus law and procedure, one of the most effective bases for developing evidence to challenge the Cyprus Order is to demonstrate to the Cyprus Court that Egiazaryan submitted misleading or incomplete information in the affidavit. *Id. at* ¶ 4.

The Cyprus Court has issued no rulings and has made no statements in the Cyprus Injunctive Proceeding that would in any way suggest an unwillingness to receive evidence developed in the United States. *Id.* at ¶ 6. To the contrary, in ruling on the Cyprus Defendants' objections, the Cyprus Court would be receptive to evidence that is obtained from Egiazaryan. *Id.* at ¶¶ 5, 7.

**B.    Egiazaryan**

Egiazaryan is a Russian citizen and a member of the Duma, the Russian Parliament. Declaration of Chad Stegeman ("Stegeman Decl."), at Exs. A-D. According to public sources, Egiazaryan is under criminal investigation in Russia for fraud and embezzlement. *Id.* Igor Lebedev, the head of Egiazaryan's political party, has stated that Egiazaryan has "disappeared" from Russia "without trace," and that there is "no contact – calls to his telephone are redirected to his Duma office." Stegeman Decl., at Ex. B. The St. Petersburg Times and Moscow Times also report that Mr. Egiazaryan, who left Russia in early summer, may face divestiture of his parliamentary immunity as well as possible criminal charges in Russia. Stegeman Decl., at ¶3 & Ex. B.

Upon information and belief, Ashot Egiazaryan is currently living in the Beverly Hills home of his brother, Suren Egiazaryan, at 655 Endrino Place, Beverly Hills, CA 90210, and has been living there since before he commenced the Cyprus Action. Declaration of Lawrence Wiist in Support of Application ("Wiist Decl.") ¶¶ 2-9 (describing investigation and reasons for determining that Egiazaryan is currently present and residing at the 655 Endrino Place address).

*EX PARTE* APPLICATION FOR A
SUBPOENA PURSUANT TO 28 U.S.C.
§ 1782; Memorandum of Points

## II. ARGUMENT

A court reviewing an application for discovery pursuant to section 1782 must first determine whether the statute's *requirements* for authorizing such discovery are satisfied; if they are satisfied, the court must then decide whether to exercise its discretion to approve the requested discovery, with that discretion being guided by factors laid down by the Supreme Court. *See, e.g., In re Republic of Ecuador*, C-10-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010). As seen below, Denoro's application both meets the requirements of §1782 and merits approval in the Court's discretion.

### A. Denoro's Application Satisfies The Statutory Requirements Of Section 1782

Drawing directly from the statute's language, courts have gleaned three statutory requirements for gaining discovery under section 1782, all of which are satisfied here: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or [international] tribunal or any interested person." *Republic of Ecuador*, 2010 WL 3702427, at *2 (internal quotations omitted).

#### 1. Egiazaryan is found in the Central District of California

A person to whom section 1782 discovery is directed is deemed "found" in a District upon either a "prima facie showing" that the person lives within the District, *see Republic of Ecuador*, 2010 WL 3702427, at *3, or the discovery is to be served on the person within the District, *see In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002). Under either of these alternatives, Egiazaryan is "found" in the Central District of California.

First, upon information and belief, Ashot Egiazaryan is currently living in the Beverly Hills home of his brother, Suren Egiazaryan, at 655 Endrino Place, Beverly Hills, CA 90210, and has been living there since before he commenced the Cyprus

Action. Wiist Decl. ¶¶ 2-9 (describing investigation and reasons for concluding that Egiazaryan resides at the Endrino Place address).

Second, once the Court grants its application for the Subpoena, Denoro will effectuate service of Egiazaryan with the Subpoena within the boundaries of this District, providing an independent basis for satisfaction of the first element of section 1728. *Edelman*, 295 F.3d at 180.

### 2. Denoro's requested discovery is for use in a proceeding in a foreign tribunal

Denoro seeks deposition testimony from Egiazaryan for use in the currently pending Cyprus Injunctive Proceeding, which Egiazaryan and others instituted against Denoro. *See* Triantafyllides Decl. ¶¶ 8-15. Specifically, one of the most effective ways for Denoro to challenge the Cyprus Order is by demonstrating to the Cyprus Court that the plaintiffs provided misleading or incomplete information to the Cyprus Court in the process of obtaining the Cyprus Order. *Id.* at ¶ 4 & Ex. A. Accordingly, the Subpoena seeks testimony from Egiazaryan that directly speaks to whether Egiazaryan provided the Cyprus Court with accurate, complete and non-misleading information in connection with the Cyprus Plaintiffs' application for the Cyprus Order.

### 3. Denoro is an "interested person" under section 1782

The provision of Section 1782 that "an order may be made . . . upon the application of any interested person" encompasses parties in the foreign proceeding. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782") (quoting 28 U.S.C. § 1782). As a named defendant in the Cyprus Injunctive Proceeding, Denoro is an "interested person" within the meaning of the statute.

### B. The Relevant Factors Weigh Heavily In Favor Of Granting Denoro's Application And Issues The Subpoena

Once it has determined that a section 1782 applicant satisfies the three requirements set forth above, the reviewing court should consider four factors in deciding whether to exercise its discretion to all discovery under section 1782: (1) whether the person's status as a participant in the foreign proceeding lessens the need to seek discovery under section 1782; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance"; (3) whether the Section 1782 request conceals an effort to circumvent foreign proof-gathering restrictions; and (4) whether the discovery requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. These factors weigh heavily in favor of granting Denoro's application here.

#### 1. The first *Intel* factor weighs in favor of granting discovery because, although Egiazaryan is a party in the Cyprus Injunctive Proceeding, Cyprus has no procedural mechanism to require him to provide the discovery requested in this Application

In *Intel*, the Supreme Court indicated that the need for discovery pursuant to section 1782 can be more pronounced when the section 1782 applicant cannot obtain the desired discovery in the foreign proceeding itself. *See Intel*, 542 U.S. at 264 (first factor weighs against granting section 1782 application if the person to whom application is directed is a party in the foreign proceeding and can be ordered to produce the requested evidence). Here, although Egiazaryan is a party to the Cyprus Injunctive Proceeding, there is no mechanism for taking his deposition under Cypriot rules. Triantafyllides Decl. ¶ 5. Because Denoro cannot obtain the discovery it seeks in this Application in Cyprus, the first *Intel* factor weighs in favor of granting the Application. *See In re Servicio Pan Americano de Proteccion*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (granting section 1782 application to seek discovery from party in Venezuelan proceeding in part because, under first *Intel*

factor, doing so "may be necessary to enable discovery" that would have been barred by "the apparent limitations of Venezuelan discovery rules"); *see also Cryolife, Inc. v. Tenaxis Medical, Inc.*, 08-CV-05124, 2009 WL 88348, at *1-2 (N.D. Cal. Jan. 13, 2009) (first *Intel* factor was neutral where foreign tribunal's authority to grant the requested discovery was in dispute).

        **2. The second *Intel* factor weighs in favor of granting discovery because the Cyprus Court has given no indication that it would be hostile to the evidentiary assistance provided by such discovery, and in fact is able to hear such evidence**

Although, as noted above, Cyprus does not have a procedural mechanism for depositions, nothing in Cyprus law would prevent the Cyprus Court from taking into account deposition statements taken from Egiazaryan here in the United States. *See* Triantafyllides Decl. ¶¶ 5, 7. Moreover, the Cyprus Court has issued no rulings and has made no statements in the Cyprus Injunctive Proceeding that would in any way suggest an unwillingness to receive evidence developed in the United States. *Id.* at ¶ 6. Where, as here, the foreign tribunal has not indicated any animosity toward receiving evidence that would be gained through a section 1782 application, the second *Intel* factor weighs in favor of granting the application because "one of the twin aims of the statute is to encourage foreign countries by example to provide similar assistance to our courts." *See Cryolife*, 2009 WL 88348, at *3 (noting that "[r]equests for discovery have been denied where the foreign tribunal *expressly* states that it does not need or want the information sought," but holding that second factor weighed in applicant's favor where the foreign court is silent on the issue and it retains the ability to admit or deny admission of the evidence. (Emphasis added)).

        **3. The third *Intel* factor weighs in favor of granting discovery because Denoro's Application does not circumvent any substantive Cypriot prohibitions against the admissibility of evidence**

The third *Intel* factor, which discourages the use of section 1782 to circumvent the foreign tribunal's discovery rules, does *not* refer to the limitations of

- 7 -

EX PARTE APPLICATION FOR A
SUBPOENA PURSUANT TO 28 U.S.C.
§ 1782; Memorandum of Points

the foreign tribunal's *procedural* mechanisms; indeed, the Supreme Court has explicitly ruled that a section 1782 application is not jeopardized by the fact that the foreign tribunal's discovery procedures would not have allowed the applicant to take the same discovery. *Intel*, 542 U.S. at 259-62; *accord Cryolife*, 2009 WL 88348, at *4 ("there is no requirement under § 1782 that the requested information would be discoverable under [foreign] law, and the mere fact that the 'discovery is unavailable under foreign law is not a basis for denying [an] application'") (quoting *In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004)). Rather, the third factor weighs in favor of granting the application unless the requested discovery runs afoul of "a foreign court's . . . *substantive* limits on the admissibility of discovered evidence." In re *Servicio Pan Americano*, 354 F. Supp. 2d at 272 ("the Supreme Court recognized in the *Intel* case that a foreign court's *procedural* discovery limitations . . . should not prevent a district court from enabling a foreign litigant to obtain admissible evidence here pursuant to Section 1782" (emphasis added)). Here, no provision of the Cyprus rules of evidence would render inadmissible any deposition testimony or documentary evidence obtained in the United States that shows that Egiazaryan provided misleading or incomplete information in seeking the Cyprus Order. Triantafyllides Decl. ¶ 5-7. Furthermore, the requested subpoena would not circumvent any substantive discovery rules or violate any legally applicable privilege in Cyprus. *Id.* at ¶ 6. Accordingly, the third *Intel* factor, like the two before it, supports Denoro's Application.

### 4. The fourth *Intel* factor weighs in favor of granting discovery because Denoro's Application is not unduly intrusive or burdensome

The Subpoena only seeks deposition testimony and does not include a request for documents. The deposition will focus on facts relating to Egiazaryan's application in the Cyprus Injunctive Proceeding. Specifically, one of the most effective ways for Denoro to challenge the Cyprus Order is by demonstrating to the Cyprus Court that the plaintiffs provided misleading or incomplete information to

the Cyprus Court in the process of obtaining the Cyprus Order. Triantafyllides Decl. ¶ 4 & Ex. A. The Subpoena therefore seeks only to depose Egiazaryan regarding issues relevant to the facts in existence at the time of Egiazaryan's application for the Cyprus Order, as well as Egiazaryan's awareness of those facts. *See generally* Proposed Order Ex. A. To the extent that Egiazaryan has any objections to the scope of the Subpoena, he will have the right to raise those objections on a motion after being served with the Subpoena or during his deposition. Under these circumstances, the Subpoena cannot reasonably be described as unduly intrusive or burdensome, rendering the fourth *Intel* factor in support of Denoro's Application.

**C.  Denoro's Filing Of This Application *Ex Parte* And Without Prior Notice to Egiazaryan Or His Cypriot Counsel Is Warranted By The Interests Of Justice**

Applications for discovery pursuant to 28 U.S.C. § 1782 may be granted without first giving notice to the party from whom discovery is sought. *See Republic of Ecuador*, 2010 WL 3702427, at *2-3. In fact, "it is common for 'the process of presenting the request to a court and to obtain the order authorizing discovery' to be conducted *ex parte*." *Id.* at *2 (*quoting In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)). "'Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *Id.*; *see also id.* (citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976)); *accord In re Republic of Ecuador*, No. 1:10-mc-00040 GSA, 2010 WL 4027740, at *2 (E.D. Cal. Oct. 14, 2010).

The interests of justice require that the Application here be granted *ex parte*, and without notice to Egiazaryan or his Cypriot counsel pursuant to Local Rule 7-

19.2, because he is a flight risk.[2] Providing notice of the impending Subpoena to Egiazaryan would risk rendering the Subpoena useless by allowing Egiazaryan to flee the jurisdiction before he can be served with the Subpoena. Egiazaryan is already reported to have "disappeared without trace" from Russia, where he may face divestiture of his parliamentary immunity as well as criminal charges. *See* Stegeman Decl Ex. B, *see also* Stegeman Decl. Exs. A, C and D.[3] Recent flight is a strong indication of a serious risk of flight. *See U.S. v. Coonan*, 826 F.2d 1180 (2d Cir. 1987). Egiazaryan also possesses significant resources that would enable him to abscond quickly from this Court's jurisdiction. *See* Stegeman Decl. Exh. C, *see generally also* Stegeman Decl. Exhs. A, B and D. Furthermore, although he now is apparently operating out of Beverly Hills, it has been reported that Mr. Egiazaryan owns a villa in Nice, France. Stegeman Decl. Exh. A. Based on his history of flight in the face of Russian corruption investigations, his substantial means and alternative residences, there is an undoubted risk that Egiazaryan will flee from Beverly Hills if he receives notice of the filing of this application, just as he fled from Russia to avoid legal process.

On the other side of the scale, issuing the Subpoena without notice will not prejudice Egiazaryan. The Subpoena will provide sufficient time for him to retain U.S. counsel and move to quash or to seek a protective order should he choose to do either of those things. This puts Egiazaryan on equal footing with any person found in this District who is subject to the routine application of this Court's subpoena

---

[2] Denoro is unaware of any United States counsel for Egiazaryan. To the extent that the information for Egiazaryan's Cypriot counsel is required under Local Rule 7-19, Denoro believes that Egiazaryan's current Cypriot counsel is Haviaras & Filippou, LLC; its address is 20 Stasandrou Str., 1st Floor, Office 101, 1060 Nicosia, Cyprus; its telephone number is +35722764001; and its email address is hphlaw@hphlaw.eu.

[3] Analogizing to flight risk assessments in detention hearings, as a general matter, a magistrate judge may consider hearsay evidence to support its determination of a flight risk. *See U.S. v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay."); *United States v. Cardenas*, 784 F.2d 937, 938 (9th Cir. 1986) (same).

*EX PARTE* APPLICATION FOR A
SUBPOENA PURSUANT TO 28 U.S.C.
- 10 -   § 1782; Memorandum of Points

power. In short, balancing the consequences of providing notice of this Application to Egiazaryan (a real possibility that the Subpoena will be rendered useless) against the consequences of not providing such notice (none beyond ensuring Denoro's ability to serve Egiazaryan with the Subpoena before he can flee the jurisdiction), the interests of justice clearly require the granting of Denoro's Application *ex parte* and without notice to Egiazaryan.

## III. CONCLUSION

For the reasons stated above, Denoro respectfully requests that this Court grant its Application, and issue the Subpoena in the form attached to the Proposed Order as Exhibit A.

Dated: October 27, 2010

Respectfully submitted,
AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
William A. Norris
Stephen A. Mansfield
Chad A. Stegeman
Attorneys for Denoro Investments Limited