William A. Norris (SBN 25989)
(wnorris@akingump.com)
Stephen A. Mansfield (SBN 129666)
(smansfield@akingump.com)
Chad A. Stegeman (SBN 225745)
(cstegeman@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: 310.229.1000
Fax: 310.229.1001

Attorneys for
Denoro Investments Limited

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 OF DENORO INVESTMENTS LIMITED,<br><br>Applicant. | Miscellaneous Case No. 2:10MC00387UA<br><br>**DECLARATION OF GEORGE TRIANTAFYLLIDES IN SUPPORT OF APPLICATION OF DENORO INVESTMENTS LIMITED FOR A SUBPOENA PURSUANT TO 28 U.S.C. § 1782** |

FILED 2010 OCT 28 PM 1:46

## DECLARATION OF GEORGE TRIANTAFYLLIDES

I, George Triantafyllides, declare as follows:

1. I am a member of the law firm of Antis Triantafyllides & Sons LLC. I am admitted to practice law in the Republic of Cyprus. My law firm is counsel for Denoro Investments Limited ("Denoro") in a pending injunctive proceeding in the matter captioned, *Ashot Egiazaryan of Skatertnyy pereulok, d. 3, kv 10 121069 Moscow and others according to Table A of the writ of summons, Plaintiffs v. Denoro Investments Limited of Lordou Vironos 61-63, Office 602, 6023 Larnaca and others according to Table B of the writ of summons, Defendants*, Action No. 7862/10 (the "Cyprus Injunctive Proceeding"), in the District Court of Nicosia, Cyprus (the "Cyprus Court"). Attached hereto as **Exhibit A** is an accurate translation of an Order issued in the Cyprus Injunctive Proceeding on September 17, 2010 (the "Cyprus Order").

2. I have knowledge of the facts set forth herein based upon my role as counsel for Denoro and my review of public records and other documents.

**Cyprus Courts Would be Receptive to Evidence Obtained in United States**

3. I have practiced law in Cyprus since 1981. I graduated from Worcester College, Oxford University, in 1979 with an MA in Jurisprudence. In 1980 I obtained the degree of BCL again from Worcester College, Oxford University and was licensed to practice in Cyprus since July 1981. I have worked on more than one hundred litigation matters over the course of my career in the District Court of Nicosia, as well as in other Cyprus courts. I am the partner in charge of litigation at our law firm.

4. Under Cyprus law and procedure, one of the most effective ways for Denoro to challenge the Cyprus Order is by demonstrating to the Cyprus Court that the

1  plaintiffs provided misleading or incomplete information in the Egiazaryan Affidavit
2  submitted in support of the application for the Cyprus Order.

4      5.    Under Cyprus law and procedure no mechanism exists for taking
5  depositions. However, based on my 30 years of case experience in Cyprus courts, the
6  lack of such a formal mechanism does not prevent, in my opinion, the court from taking
7  into account deposition testimony taken in other countries, such as the United States,
8  provided it is produced in court in the proper way, for example attached as an exhibit to
9  an affidavit filed in Cyprus in support of the opposition to the Cyprus Injunctive
10 Proceeding. Further, under Cypriot Civil Procedure Rules, in my opinion, out of court
11 evidence is allowed in applications for interim injunctions, like the present one, and
12 therefore the court, will, admit as an exhibit to an affidavit the sworn evidence of a person
13 taken abroad.

15     6.    The Cyprus Court has issued no rulings and has made no statements in the
16 Cyprus Injunctive Proceeding that would in any way suggest an unwillingness to receive
17 deposition evidence developed in the United States. Based on my knowledge of the
18 Cypriot rules of procedure and evidence, the requested subpoena would not in any way
19 circumvent any substantive discovery rules in Cyprus. Nor does it violate any legally
20 applicable privilege.

21     7.    For the purposes of submitting evidence in opposition to the Civil Injunctive
22 Proceedings, it is my view that Cyprus rules of evidence would permit admission of
23 deposition testimony or documentary evidence obtained in the United States that shows
24 that Egiazaryan provided misleading or incomplete information in his affidavit in support
25 of the freeze order.

27 **Procedural History of the Cyprus Injunctive Proceeding**

8. According to the records of the Cyprus Court, on or about September 15, 2010, Ashot Egiazaryan, together with six other plaintiffs (the "Cyprus Plaintiffs"), filed a civil action against Denoro and sixteen other defendants (the "Cyprus Defendants") in the Cyprus Court.

9. In the civil action in Cyprus, the Cyprus Plaintiffs claim damages exceeding $2 billion.

10. The Cyprus Plaintiffs are represented in the civil action in Cyprus by Haviaras & Filippou, LLC, a Cypriot law firm.

11. On or about September 15, 2010, the Cyprus Plaintiffs, without any notice to the Cyprus Defendants, filed an ex parte application in the civil action in Cyprus, seeking to freeze billions of dollars in assets owned by Denoro and the other Cyprus Defendants (the "Cyprus Injunctive Proceeding").

12. In support of the *ex parte* application, a brother of Mr. Egiazaryan, Artem Egiazaryan, filed an affidavit on behalf of all Cyprus Plaintiffs (the "Egiazaryan Affidavit"). The Egiazaryan Affidavit represents that it was sworn to on behalf of all Cyprus Plaintiffs, including Mr. Ashot Egiazaryan.

13. The Egiazaryan Affidavit explicitly states that it is a composite affidavit based on information alleged to be within the collective knowledge of all plaintiffs, including Mr. Ashot Egiazaryan.

14. On September 17, 2010, based solely on Egiazaryan's affidavit, the Cyprus Court issued the Cyprus Order, a preliminary order freezing substantial assets.

15. After Denoro and other Cyprus Defendants became aware of the asset freeze order, they appeared as directed on September 27, 2010, before the Cyprus Court through Cyprus counsel, Mr. George Triantafyllides. The Court set November 17, 2010

1  as the control date for the filing of formal oppositions by the Cyprus Defendants to the
2  Cyprus Order. The actual date on which substantive oppositions will be filed may be
3  extended by the Court, and the eventual date on which the Court will decide the Cyprus
4  Defendants' opposition to the Cyprus Order has not yet been set by the Court. In the
5  meantime, the Cyprus Order remains in effect, and substantial assets are affected.

7  Executed this 25th day of October, 2010, at Nicosia, Cyprus.

9  I declare under penalty of perjury under the laws of the United States of America
10  that the foregoing is true and correct.

George Triantafyllides

**EXHIBIT A**

# EXHIBIT A

IN THE DISTRICT COURT OF NICOSIA

Action No. 7826/10

**Before:**   M. Christodoulou P.D.C.

**Between:**

Ashot Egiazaryan from Skatertnyy pereulok, d. 3, kv. 10 121069 Moscow and others according to Table A of the writ of summons

**Plaintiffs**

-and-

Denoro Investments Limited from Larnaca and others according to Table B of the writ of summons

**Defendants**

---

On the basis of the application filed by Messrs Haviara & Filippou LLC lawyers of the Plaintiffs-applicants. **THIS COURT**, after reading the affidavit which was filed by or on behalf of the plaintiffs and once they filed bank guarantee to the amount of €500.000,00 for full coverage of any damages and costs that the above defendants may suffer by the issuance of this order,

1. **BY THE PRESENT ORDERS AND PROHIBITS** Suleyman Kerimov, his representatives, or anyone who acts on his behalf from voting or causing or allowing the voting of any resolutions to take place by the Cypriot company Kaliha Finance Limited and/or Emel Services Limited from British Virgin Islands which will allow or provide for the sale, alienation, pledge or other charge on the shares which are held by Kaliha Finance Limited to OJSC Uralkali until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/09/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

2. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Suleyman Kerimov, his representatives, or anyone who acts on his behalf from selling, alienating, transferring, pledging or charging in any way the shares which he holds as registered or main beneficiary to the Cyprus company Kaliha Finance Ltd and/or Emel Services Limited from British Virgin Islands until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

3. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Suleyman Kerimov, his representatives, or anyone who acts on his behalf from selling, alienating, transferring, pledging or charging in any way the shares that he holds as registered or main beneficiary to the Cyprus companies Wandle Holdings Limited and Brainpedia Holdings Limited and to White Star LP from Cayman Islands until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on

13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

4. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Suleyman Kerimov, his representatives, or anyone who acts on his behalf from voting or causing or allowing the voting of any resolutions to take place by the Cyprus companies Wandle Holdings Limited, and Brainpedia Holdings Limited and White Star LP from Cayman Islands which will allow or provide for the sale, alienation, pledge or other charge to the shares which are held by Wandle Holdings Limited to OJSC Polyus Gold until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

5. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** the directors of Lansgrade Holdings Limited, its representatives or anyone who acts on its behalf from selling, alienating, transferring, pledging or placing a charge in any way to its assets, including the shares that it holds to OJSC DecMos until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

6. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Arkadiy (otherwise known as Arkady) Rotenberg and Iraya Gilmutdinova, their representatives, or anyone who acts on their behalf:

    i. on the one hand, Arkadiy (otherwise known as Arkady) Rotenberg from selling, alienating, transferring, pledging or charging in any way the shares that he holds to the Cyprus companies Lansgrade Holdings Limited, Olpon Investments Limtied, Sparklon Holdings Ltd and Limerick Business Holding S.A.

    ii. on the other hand, Iraya Gilmutdinova from selling, alienating, transferring, pledging or charging in any way the shares that she holds to the Cyprus company Langrade Holdings Limited,

    until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

7. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Suleyman Kerimov from selling, alienating, transferring, pledging or charging in any way the shares that he holds or is the main beneficiary to the Cyprus companies Denoro Investments Limited, Monora Limited, Mebraco Investments Limited and the foreign company Kamenz Trading Inc. until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the

plaintiffs and some of the defendants or until further notice is given by the Court.

8. **AND THIS COURT FURTHER ORDERS AND PROHIBITS OJSC** DecMos, its directors and representatives from selling, mortgaging or charging in any way Moskva Hotel, until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

9. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** the directors of Denoro Investments Limited, its officers and representatives from assigning, receiving or arranging or acting in any way with respect to the debentures issued by OJSC DecMos to Strabag AG which were assigned by Blidensol Trading and Investment Limited, as the bearer, and delivered to Denoro Investments Limited according to the assignment agreements below until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

**List of assignment agreements:**

i) Assignment Agreement between Blidensol Trading & Investments Limited and Denoro Investments Limited dated 29/6/2009, according to which the first assigned to the second the loan agreements dated 26/12/2007 and 01/02/2008.

ii) Assignment Agreement between Blidensol Trading & Investments Limited and Denoro Investments Limited dated 29/6/2009, according to which the first assigned to the second 54 debentures issued by OJSC DecMos.

iii) Assignment Agreement between Blidensol Trading & Investments Limited and Denoro Investments Limited dated 29/6/2009, according to which the first assigned to the second 2 debentures issued by OJSC DecMos.

10. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** the directors of Denoro Investments Limited, its officers and representatives from assigning, receiving or arranging or acting in any way with respect to the debentures issued by OJSC DecMos to Strabag AG which were assigned by Hackham Invest & Trade Inc as the bearer, and delivered to Denoro Investments Limited according to the assignment agreements below until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

**List of Assignment Agreements:**

    i) Assignment Agreement between Hackham Invest & Trade Inc. and Denoro Investments Limited dated 29/6/2009, according to which the first assigned to the second the loan agreement dated 12/12/2007.

    ii) Assignment Agreement between Hackham Invest & Trade Inc. and Denoro Investments Limited dated 29/6/2009, according to which the first assigned to the second the loan agreements dated 22/05/2008, 20/08/2008 and 02/10/2008.

11. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** the directors of Kamenz Trading Inc, its officers and representatives from assigning, receiving or arranging or acting in any way with respect to the loans and the debts which were assigned by Longlake Holdings Limited to Kamenz Trading Inc on 17/11/2009 until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

12. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** the directors of Monora Limited, its representatives and officers from –

    i) assigning, receiving or arranging or acting in any way with respect to the loans and debts which were assigned by Blidensol Trading & Co Investments Limited to Monora Limited on 28/01/2010 until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

    ii) selling, alienating, transferring, pledging or charging in any way its assets, including the shares which it holds to the Cyprus company Falmiro Trading Limited until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

    iii) executing or assigning the mortgage dated on or about 15/2/2010 which is registered on Moskva Hotel as security to the amount of USD 100 millions until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

13. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Suleyman Kerimov, his representatives, or anyone acting on his behalf from selling, alienating, transferring, pledging or charging in any way the shares that he holds as registered or main beneficiary to the Cyprus companies Nafta Moskva (Cyprus) Ltd, Aniketa Investments Ltd, and Denoro Investments Limited until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between

some of the plaintiffs and some of the defendants or until further notice is given by the Court.

14. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Suleyman Kerimov, its representatives or anyone acting on his behalf from voting or causing or allowing the voting of any resolutions to take place by the Cyprus companies Nafta Moskva (Cyprus) Ltd, Aniketa Investments Ltd and Denoro Investments Limited which will allow the sale, alienations, pledge or other charge on the shares which are held by Nafta Moskva (Cyprus) Ltd to OJSC Polyus Gold until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

15. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** the directors of Denoro Investments Limited and its representatives from selling, mortgaging or charging in any way its assets including the shares that it holds in Limerick Business Holding S.A. from British Virgin Islands until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

16. **AND THIS COURT FURTHER ORDERS AND PROHIBITS** Sparklon Holdings Limited, its directors, officers, representatives or anyone acting on its behalf from selling, alienating, transferring, pledging or charging in any way its assets, including the shares that it holds in Konk Select Partners Inc. and Falmiro Trading Limited until the final completion of this action or until the completion of the arbitration proceedings which commenced in London on 13/9/2010 between some of the plaintiffs and some of the defendants or until further notice is given by the Court.

**AND THIS COURT FURTHER ORDERS** and limits the net value of the assets and/or the assets which are bound by the Orders of paragraphs 1 to 16 above to the amount of USD 500.000.000 (Five Million Dollars USD).

The defendants may appear before this Court on 27/9/2010 at 9.00 a.m. and state their arguments as to why this order shall not continue to apply.

The current costs are reserved.
Issued on    15/9/2010
Drafted on   17/9/2010

Endorsement: If you, the abovementioned defendants, fail to comply immediately after service of this order, you will be legally responsible and therefore subject to arrest, while your assets will be subject to confiscation.

(Sign.) M. Christodoulou P.D.C.

True copy,
Registrar
O.M.